Jin v. Holder

BIA
Wright, IJ
A097 438 965

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand fourteen.

PRESENT:
  DENNIS JACOBS,
  DEBRA ANN LIVINGSTON,
  SUSAN L. CARNEY,
    *Circuit Judges.*

_____

XING SHU JIN, AKA SONG SUK IM, AKA SONG SIM,
    *Petitioner,*

  v.                                          13-1664
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Jim Li, Flushing, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Tracey N. McDonald, Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xing Shu Jin, a native and citizen of China, seeks review of an April 3, 2013 order of the BIA, affirming the January 11, 2011 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xing Shu Jin*, No. A097 438 965 (B.I.A. April 3, 2013), *aff'g* No. A097 438 965 (Immig. Ct. N.Y. City Jan. 11, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In pre-REAL ID Act cases, such as this case, an adverse credibility determination must be based on "specific, cogent

reasons" that "bear a legitimate nexus to the finding," and any discrepancy must be "substantial" when measured against the record as a whole. *Secaida-Rosales v. INS*, 331 F.3d 297, 307-08 (2d Cir. 2003), *superseded by statute*, REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, *as recognized in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's adverse credibility determination.

The agency's adverse credibility finding in this case was based on numerous contradictions and inconsistencies in the record regarding the timing and number of Intrauterine Devices ("IUDs") Jin had inserted. Specifically, Jin stated in her asylum application that IUDs were inserted in 1989, following the birth of her first child, and in 1993, after her forced abortion. C.A.R. 615. At the merits hearing, Jin first testified on cross-examination that she had only one IUD inserted: in 1989, after the birth of her first child. Upon further questioning, she then provided inconsistent testimony about whether a second IUD had been inserted after her forced abortion in 1993.

Jin argues on appeal that these inconsistencies are not central to her asylum claim. Although the inconsistencies

3

do not directly pertain to the abortion procedure itself, they do relate to the sequence of events both prior to and after the procedure, and, critically, the sequence of events on the day the procedure was performed. We agree with the IJ's determination that the inconsistencies were central to Jin's asylum claim because her inability to recall whether she had an IUD inserted immediately after the abortion called into question whether she had a forced abortion at all. *See Secaida-Rosales*, 331 F.3d at 307-08. Furthermore, Jin was confronted with these inconsistencies and had several opportunities to reconcile her testimony. Although she attributed the inconsistencies to confusion and memory problems following a 2009 surgery, the agency was not compelled to accept those explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Jin also argues on appeal that the BIA erred in requesting the submission of medical records regarding her 2009 surgery. However, the BIA merely noted that Jin had not proffered any evidence, such as medical opinions or records, to substantiate her claim that the 2009 surgery resulted in memory loss. Jin's challenge to the agency's demeanor findings also lacks merit. We have recognized

4

"that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). In making the adverse credibility finding, the IJ noted that, when asked questions about IUDs, Jin "scratched her head on several occasions and muttered to herself on many occasions." C.A.R. 52. Jin takes issue with the IJ's characterization of her demeanor, but where, as here, the agency's inference "is tethered to the evidentiary record, we will accord deference to the finding." *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

Finally, having questioned Jin's credibility, the agency reasonably relied further on her failure to provide reliable corroborating evidence to support her claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). The agency reasonably questioned Jin's submission of a "Diagnosis Certificate," which recommended fifteen days of rest following Jin's abortion. The agency relied on a State Department report stating that United States officials are unaware of such documents being issued for involuntary abortions. *See also Xiao Xing Ni v. Gonzales*, 494 F.3d 260,

5

263 (2d Cir. 2007).  Jin argues on appeal that the certificate she proffered is materially different from the certificates discussed in the State Department report. However, regardless of her certificate's authenticity, the agency correctly observed that it provides no indication of whether Jin's abortion was forced or voluntary.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk